# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIMBERLY A. ROBIDA,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0882** (BOR Appeal No. 2049355)
                        (Claim No. 2013029524)

**THOMAS HEALTH SYSTEM, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kimberly A. Robida, by William B. Gerwig, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Thomas Health System, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 4, 2014, in which the Board reversed and vacated a March 25, 2014, Order of the Workers' Compensation Office of Judges. The Board of Review reinstated the claims administrator's May 31, 2013, decision which rejected Ms. Robida's application for workers' compensation benefits. The Office of Judges' Order had reversed the claims administrator's decision and held the claim compensable for right side carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Robida worked the registration desk for six years at Thomas Health System, Inc. Her job duties primarily entailed keying in patient information on a computer. She was left handed, but during her work day she used her right hand to operate her computer's mouse. In December of 2012 she began experiencing pain and numbness in her right hand. Ms. Robida sought treatment for these symptoms from Samer Nasher, M.D., who diagnosed her with carpal tunnel

1

syndrome of the right hand. Dr. Nasher believed this condition resulted from her employment. Several months later, Ms. Robida stopped working and filed an application for workers' compensation benefits. The physician's portion of the application was filled out by Dr. Nasher, and he stated that her carpal tunnel syndrome was the result of an occupational injury. An electromyography (EMG) was then taken of her right wrist which revealed severe right carpal tunnel syndrome with signs of chronic denervation. Ms. Robida's application was reviewed by Rebecca Thaxton, M.D., who found that her carpal tunnel syndrome was idiopathic in nature. Dr. Thaxton believed that Ms. Robida's weight was a risk factor in developing carpal tunnel syndrome. Dr. Thaxton found that there was no relationship between her clerical work duties and her condition. On May 31, 2013, the claims administrator rejected Ms. Robida's application for workers' compensation benefits based on Dr. Thaxton's opinion. Ms. Robida's application was also reviewed by Randall Short, D.O. He found that there was surveillance video taken on May 13, 2013, which showed Ms. Robida carrying keys, her pocketbook, and other items with her right hand without any obvious difficulty. Dr. Short noted that Ms. Robida also worked a side job at a t-shirt factory which could have contributed to her carpal tunnel syndrome.

Following the rejection of her claim, Ms. Robida testified by deposition. She stated that although her son owned and operated a t-shirt business, she never worked in the factory or operated any of the equipment used to make the shirts. She also testified that during her work day she would spend at least seven hours keying in patient information. She stated that she used her right hand primarily to operate the mouse at her computer. She testified that she had not worked since April 29, 2013, and that the swelling and pain in her wrist had decreased since that time. However, she complained that she still had trouble holding or lifting anything with her right hand. She also admitted that she fractured her right wrist as a child. Ms. Robida was then treated by Abdalla Bandak, M.D., who found that she had severe right side carpal tunnel syndrome. He also found that she was currently receiving treatment for bulging discs in her back and neck. Dr. Bandak found that the cause of Ms. Robida's symptoms was complex. He found that a lesion in her neck could be related to her carpal tunnel syndrome. However, he recommended that she undergo right carpal tunnel release to relieve the pain and numbness in her right wrist. Prasadarao B. Mukkamala, M.D., then evaluated Ms. Robida. He found that she was significantly overweight and that her obesity was a more likely cause of her carpal tunnel syndrome than her work activities. Dr. Mukkamala found that her primarily clerical job duties should not have caused her condition. Two weeks later, Dr. Mukkamala also reviewed surveillance video of Ms. Robida taken on May 13, 2013. He agreed with Dr. Short that her upper extremities did not appear to be limited because of her condition. On March 25, 2014, the Office of Judges reversed the claims administrator's decision and held the claim compensable for right carpal tunnel syndrome. On September 4, 2014, the Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's rejection of the claim, leading Ms. Robida to appeal.

The Office of Judges concluded that the claim should be held compensable for right carpal tunnel syndrome. The Office of Judges based this decision on the EMG testing. It found that Ms. Robida's clerical duties and constant computer use were the most likely cause of her carpal tunnel syndrome. The Office of Judges noted that her job required her to spend a majority of her time using a computer and her symptoms were worse while she was working. The Office

2

of Judges also noted that Dr. Nasher believed that her condition was related to her work activities. The Office of Judges considered the reports of Dr. Thaxton, Dr. Short, and Dr. Mukkamala, but it did not rely on their opinions because it found that there was no consensus among these physicians concerning the cause of Ms. Robida's symptoms. The Office of Judges also considered the surveillance video taken of Ms. Robida on May 13, 2013, but it found that she primarily used her left hand, and her activities were not entirely inconsistent with her complaints of right hand pain and numbness.

In reversing the Order of the Office of Judges, the Board of Review concluded that it was clearly wrong because there was insufficient evidence in the record to determine that Ms. Robida's carpal tunnel syndrome is causally related to her employment. The Board of Review also noted that West Virginia Code of State Rules § 85-20-41 (2006) indicates that there is no relationship between normal clerical activities and carpal tunnel syndrome. The Board of Review found that Ms. Robida's job did not fall in the high risk category for developing carpal tunnel syndrome. The Board of Review also noted that Dr. Mukkamala believed Ms. Robida's condition was more likely related to her weight.

We agree with the conclusions and findings of the Board of Review. Ms. Robida has not presented sufficient evidence to show that she developed right side carpal tunnel syndrome in the course of and resulting from her employment. The evidence in the record indicates that Ms. Robida's condition is an ordinary disease of life and is not related to her work activities. Ms. Robida's testimony demonstrates that her job activities are clerical in nature. She has not demonstrated that her job involves the type of awkward wrist positioning or high force manual movements that have been shown to contribute to carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.5. Although Dr. Nasher's treatment notes attribute Ms. Robida's condition to her clerical duties, his opinion does not involve a careful look at contributing non-compensable factors. The opinion of Dr. Mukkamala, which attributes Ms. Robida's condition to her weight, is more consistent with the directives of West Virginia Code of State Rules § 85-20-41, and the Board of Review was justified in relying on his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:  June 1, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin

3

Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman